IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY WOLFE                                                            PETITIONER

v.                      CIVIL NO. 21-5190

DEXTER PAYNE, Director
Arkansas Division of Correction                               RESPONDENT

## REPORT AND RECOMMENDATION

Petitioner Billy Wolfe ("Petitioner") filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) on October 28, 2021. The Court directed a response from Dexter Payne, Director, Arkansas Division of Correction ("Respondent") which was filed on December 17, 2021 (ECF No. 11), and Petitioner replied on January 21, 2022, and filed a Supplemental Reply on February 22, 2022 (ECF Nos. 15, 16). The Petitioner was referred to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B)(1) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas. Transcripts of Petitioner's 2005 Benton County plea hearing were requested by the Court and provided by Respondent on May 2, 2022, and the matter is now ripe for consideration.

**I.**      **Background**

On July 5, 2003, Petitioner pled guilty to capital murder and kidnapping in the Circuit Court of Benton County, Arkansas, before Judge David S. Clinger. Petitioner, a member of the Cherokee Nation who resided within the Cherokee Nation, was charged with committing numerous crimes in Benton County, Arkansas. Petitioner pled guilty to capital murder and kidnapping (both Class Y felonies under Arkansas law) in exchange for (a) the State of Arkansas

1

agreeing to waive the death penalty and dismiss a second count of kidnapping, (b) the United States Attorney for the Western District of Arkansas agreeing not to prosecute Petitioner, and (c) the State of Oklahoma (Delaware County) agreeing to dismiss a pending rape charge against Petitioner. *See* Order, *State of Arkansas v. Wolfe,* CR 2004-32-2, August 31, 2006 (ECF No. 11-4), Plea Hearing Transcript (ECF No. 11-13). Petitioner was sentenced to the Arkansas Division of Corrections for a term of life without parole for capital murder and a concurrent life term for kidnapping. *See* Judgment and Commitment Order, *State of Arkansas v. Wolfe*, CR 2004-32-2, July 6, 2005. (ECF No. 11-1).

On October 3, 2005, Petitioner sought post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. (ECF No. 11-3). Petitioner alleged (a) several instances of ineffective assistance of counsel; (b) an unconstitutional search and seizure involving his truck; and (c) denial of his right to a fair and impartial trial because of an alleged conflict of interest on the part of his counsel. Because Petitioner pled guilty, Judge Clinger applied the governing precedents of *State v. Herred*, 332 Ark. 241 (1998) and *Strickland v. Washington,* 466 U.S. 668 (1984) to Petitioner's ineffective assistance claims, finding on August 31, 2006, that Petitioner failed to plead prejudice under *Strickland* as he failed to plead that, but for these errors, he would have not pled guilty but would have proceeded to trial on the capital charges and faced the death penalty. (ECF No. 11-4). Judge Clinger observed that Petitioner's pleadings were not factually specific but conclusory, failing to illustrate how his attorneys failed to do their job to the best of their abilities, and failing to specify what evidence proved his innocence. *Id*. Following review of the record, Judge Clinger recounted that Petitioner was aware of his constitutionally protected rights and knew he was waiving them by pleading guilty. *Id.* Judge Clinger then chronicled that during Petitioner's change of plea hearing, Petitioner persuaded the Court that he was fully

2

satisfied with his counsel, that his counsel had received and reviewed with him the evidence of the State, and that there was nothing Petitioner asked of counsel that they failed to do. *Id*. Judge Clinger stated that "despite being given every opportunity to express dissatisfaction with the advice and assistance of his attorneys, the Petitioner did not do so." *Id*.  With respect to Petitioner's search and seizure contentions, Judge Clinger observed that the claim was not specific enough to justify revisiting his prior denial of a motion to suppress, and then found it not cognizable in a Rule 37 proceeding as the claim was voluntarily and intelligently waived by Petitioner's plea and never raised during a direct appeal. *Id., citing Herred, supra*.  A similar analysis was applied to the alleged conflict of interest which had been the subject of a hearing conducted by Judge Clinger on June 24, 2005. *Id.* The Rule 37 petition was denied, and Petitioner did not file an appeal.

More than thirteen (13) years passed, and then, on January 23, 2020, Petitioner filed a petition for state habeas corpus relief in the Circuit Court of Jefferson County, Arkansas. (ECF No. 11-5). The Petition was denied on March 12, 2020. (ECF No. 11-6). Judge Dennis, Circuit Judge for Jefferson County, found that Petitioner's claims – that the trial court lacked jurisdiction because he is a Cherokee Indian; that law enforcement lacked authority to arrest him and conduct a search on tribal land; and that his counsel was ineffective – should have been raised "at the trial court level, on direct appeal, or in a timely post-conviction proceeding," and were not "cognizable in a habeas matter." *Id*. Petitioner subsequently appealed to the Arkansas Supreme Court who denied his claim for habeas relief in a written decision issued on April 22, 2021.  *See Wolfe v. Payne*, 2021 Ark. 87, *cert denied,* 142 S.Ct. 262 (2021). (ECF No. 11-10).

## II.     Petition for Habeas Corpus

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions

are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. *Id.* at 411. "Rather, that application must also be unreasonable." *Id*.

Petitioner alleges several grounds for habeas relief under § 2254 (ECF No. 1, pp. 5-10). Petitioner first says that the State of Arkansas could not properly exercise jurisdiction over him, alleging only the United States or the Cherokee Nation could prosecute him for his alleged crimes. In Ground Two, Petitioner similarly alleges that the search and seizure of Petitioner and his property unlawfully violated treaties between the Cherokee Nation and the United States. With respect to Grounds One and Two, Petitioner relies upon the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020) and the subsequent decision of *Hogner v. Oklahoma,* 500 P.3d 629 (2021). Third, Petitioner says that the State of Arkansas violated the terms of his plea deal by sentencing him to life *without parole* when he had agreed to plead guilty and receive a sentence of life *with the possibility* of parole. Finally, Petitioner says that his trial counsel was ineffective for failing to raise Grounds 1-3.

### III. Discussion

This Court's review of the § 2254 Petition and the records of Petitioner's case conclusively illustrate that he is not entitled to relief, and the undersigned recommends denial and dismissal of his § 2254 Petition with prejudice and without conducting an evidentiary hearing. *See McQuigin v. Perkins,* 569 U.S. 383, 395 (2013); *reaffirmed by Shinn v. Ramirez*, 2022 WL 1611786 (May 23, 2022).

The Court is further instructed by *Abdullah v. Norris*, 18 F.3d 571 (8th Cir. 1994), and because it recommends dismissal of the § 2254 petition, the Court also recommends denial of Petitioner's Motions for Appointment of Counsel (ECF Nos. 10, 13). *Id.* at 573 ("When exercising its discretion, a district court should first determine whether a *pro se* habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.")

**A. Timeliness**

Section 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The limitation period of § 2244(d)(1) runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). The running of the statute of limitations, for purposes of § 2244(d)(1), "is triggered ... by the conclusion of all direct criminal appeals in the state system...." *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

Respondent contends Petitioner's § 2254 pleading was untimely, pointing out that Petitioner's Judgment (ECF No. 11-1) became final on August 5, 2005 – thirty (30) days after it was filed in Benton County Circuit Court, citing in support *Gordon v. Hobbs*, 823 F.3d 1188, 1193 (8th Cir. 2016). By application of § 2241(d)(1)(A), the one-year period commenced to run on August 5, 2005; was tolled while Judge Clinger considered Petitioner's Rule 37 claims for post-conviction relief; resumed after denial of the Rule 37 Motion on August 31, 2006; and expired on July 3, 2007. Respondent then says that not only is the federal habeas action untimely, but that Petitioner's 2020 state court habeas filing could not, and did not, toll the § 2244(d)(1) limitations period which had long since expired. Petitioner disagrees, responding that the United States Supreme Court's 2020 decision in *McGirt* recognized a new constitutional right, extending his time to file under § 2244(d)(1)(C).

Petitioner does not contend that §§ 2244(d)(1)(B) or (d)(1)(D) afford him any relief, so the Court turns to Petitioner's argument that *McGirt* provides him relief under § 2241(d)(1)(C). Courts deciding this issue have been uniform in finding that *McGirt* does not trigger § 2244(d)(1)(C)

6

because *McGirt* did not recognize a new constitutional right. Rather, the Supreme Court addressed whether the Muscogee (Creek) Nation "remain[ed] an Indian reservation for purposes of federal criminal law," a non-constitutional issue. *Id.*

While it appears no federal court in Arkansas has issued a published decision, Oklahoma federal district courts have addressed this precise issue on numerous occasions, each rejecting "the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction." *Jones v. Pettigrew,* 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (citing *Littlejohn v. Crow,* 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) ("[28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not recognize any constitutional rights in *McGirt*."); *Sanders v. Pettigrew,* 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); *accord with Berry v. Braggs*, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) ("Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim.")); *see also Donahue v. Harding,* 2021 WL 4711680, at *1 (W.D. Okla. Sept. 8, 2021) (concluding that in a *McGirt* challenge, § 2244(d)(1)(C) would not apply to extend conviction finality date because *McGirt* did not recognize a new constitutional right). This Court agrees, finding *McGirt* does not save Petitioner's otherwise untimely § 2254 filing.

Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, the AEDPA limitations period may be subject to equitable tolling. *See Holland v. Florida,* 560 U.S. 631, 634 (2010); *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001). Equitable tolling, however, is available only where "extraordinary circumstances" stood in the petitioner's way and prevented his timely filing, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), and where the petitioner has been

otherwise diligent in the pursuit of his habeas claims. *Holland,* 631 U.S. at 653. Equitable tolling is appropriate "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). Thus, equitable tolling is an "exceedingly narrow window of relief." *Jihad v Hvass,* 267 F3d. 803, 805-06 (8th Cir. 2001) ("Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Here, Petitioner relies on *McGirt* to clothe his Petition with timeliness (ECF No. 1, p. 13) and there is no suggestion by Petitioner that any external factor caused his substantial delay in filing for relief under § 2254. Thus, the Court finds no basis to equitably toll the filing deadline imposed by § 2244(d)(1). Without the aid of *McGirt* or equitable tolling, Petitioner's long overdue habeas corpus petition is untimely and must be denied on this basis. Although unnecessary to the Court's decision, it is observed, for reasons set forth below, that none of the grounds asserted by Petitioner afford him any relief.

  **B.**  **Jurisdiction**

Petitioner argues in Grounds One and Four that Arkansas lacked jurisdiction over him under *McGirt v. Oklahoma* and that his counsel was ineffective for failing to raise lack of jurisdiction. These same arguments were made by Petitioner in his state court habeas action and were rejected by the Arkansas Supreme Court. *Wolfe, supra*. Importantly, while Petitioner urges application of *McGirt* and *Hogner*, save and except for an entirely unsupported statement in his Reply (ECF No. 16), Petitioner does not contend that his crimes were committed within the boundaries of the Creek (and by extension, Cherokee) nation, and Petitioner does not dispute that

his crimes were committed in Benton County, Arkansas.  For these reasons, *McGirt* is factually inapplicable to Arkansas' prosecution of Petitioner for crimes he pled guilty to committing in Arkansas on non-tribal lands, and Petitioner's jurisdictional argument under *McGirt* fails. Counsel's performance cannot be said deficient for failing to contend Benton County lacked jurisdiction over crimes committed in Benton County as counsel is never required to advocate frivolous positions at any stage of a proceeding, and counsel certainly cannot be faulted for not making *McGirt*-like arguments as, even now, *McGirt* offers Petitioner no relief.  *See Engle v. Isaac,* 456 U.S. 107, 133-34 (1982) ("the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.")

      **C.**     **Search and Seizure**

Petitioner contends in Grounds Two and Four that he was improperly arrested, and his property illegally seized, within the bounds of the Cherokee Nation, and that his counsel was ineffective for failing to raise these issues in the trial court.

When Petitioner sought Rule 37 post-conviction relief, Petitioner claimed, *inter alia,* that law enforcement officers had "no search warrant to come on Indian Land in Oklahoma," alleging an unconstitutional search and seizure.  (ECF No. 11-3, p. 4). Judge Clinger disagreed, finding this type of claim is not cognizable under a Rule 37 proceeding following a guilty plea, citing *State v. Herred, supra*, and further noting that Petitioner's lack of a direct appeal foreclosed this argument. Upon review of the record, Judge Clinger found Petitioner's guilty plea both voluntary and intelligent, and that the plea waived Petitioner's right to challenge pre-trial evidentiary rulings, including Clinger's denial of Petitioner's motion to suppress evidence related to the search. In 2021, the Arkansas Supreme Court found Petitioner's evidentiary claim, i.e., an alleged illegal

search on tribal lands, was not cognizable in his state habeas action, and that even if Petitioner's arrest had been illegal, that fact, in and of itself, would not, as a matter of law, void his subsequent conviction. *Wolfe, supra.*

Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v Ryan,* 566 U.S. 1, 9 (2013). Ground Two is procedurally defaulted, and Petitioner has demonstrated neither cause nor prejudice, or actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Even assuming Petitioner could convince this Court that his counsel was constitutionally ineffective under *Strickland* and caused the procedural default, Petitioner cannot establish prejudice as Petitioner's knowing and voluntary guilty plea (discussed below) waived his right to challenge the allegedly invalid arrest, search and/or seizure. *See United States v. Limley*, 510 F. 3d 825, 827 (8th Cir 2007).

Furthermore, to the extent Petitioner contends his 2003 arrest and/or search incident to arrest are suddenly improper following *McGirt*, Petitioner's claims are not novel. In *United States v. Sherwood,* 2021 WL 5050375 (N.D. Okla. Nov. 1, 2021), an Oklahoma federal district court addressed suppression in the context of pre-*McGirt* police conduct. Relying on the prior decision of *United States v. Bailey*, 2021 WL 3161550 (N.D. Okla. July 26, 2021), the Court held that the "conduct giving rise to defendant's arrest occurred before *McGirt* was decided and …officers had

10

no reason to suspect that defendant's Indian status or the location of the traffic stop [on tribal lands] … had any bearing on their investigation." *Sherwood*, at \*3. A similar reasoning applies here – Petitioner's counsel cannot be deficient for failing to make a *McGirt* argument fifteen years before its time, and Petitioner has not shown that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases" or that there is a reasonable probability that "but for counsel's unprofessional errors, the result" would have been different. *Strickland,* 466 U.S. at 688-694.

### D. Life Without Parole

For Ground Three, Petitioner contends that the State of Arkansas was without jurisdiction to impose sentence of life without parole because Petitioner pled guilty to capital murder in exchange for a sentence of life with the possibility of parole. (ECF No. 1, p.8). Petitioner claims in Ground Four that his counsel was ineffective in failing to raise this issue below.

This issue was not raised in the trial court or on direct appeal but first was raised by Petitioner in his state habeas action which was denied and then appealed. The Arkansas Supreme Court found Petitioner was entitled to no relief, citing *Trammel v. Kelley*, 2020 Ark. 342, that where "a defendant enters a plea of guilty, the plea is his trial" and "habeas corpus proceedings [do] not allow a prisoner to retry his case." *Wolfe, supra.*

Whether this claim is procedurally defaulted or viable, Petitioner is entitled to no relief even if he had timely filed this § 2254 Petition. At this Court's request, Respondent provided the transcript of Petitioner's plea hearing with Judge Clinger on July 5, 2005; the transcript has been filed as a supplement, and the Court reviewed it in its entirety. (ECF No. 11-13). As reflected in the transcript, Judge Clinger spent a significant amount of time speaking directly to Petitioner, and discussing Petitioner's constitutionally protected rights, including his right to persist in his plea of

not guilty and proceed to trial; Petitioner's expressed satisfaction with his team of defense counsel; Petitioner's waiver of constitutionally protected rights by pleading guilty; Petitioner's confirmation that his plea was of his own free will, and that no one had pressured him to plead guilty; the fact that Petitioner's plea was premised upon a number of prosecutorial concessions, including removal of the possibility of a death sentence and dismissal of pending charges and/or failure to prosecute other crimes in federal court and in Oklahoma; the basis for the knowing and voluntary nature of Petitioner's plea; and the fact that Petitioner's sentence for the capital murder conviction would be life imprisonment without parole. (ECF No. 11-13, pp.3-38). Petitioner was specifically asked: "[A]ccording to law, …you will serve out the rest of your life in prison. Do you understand that?" Petitioner responded, "Yes, sir." (ECF No. 11-13, p. 36). "[D]efendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). This Court's § 2254(d)(1) review of the record that was before the state court who adjudicated Petitioner's plea and imposed sentence reveals no grounds for granting Petitioner's writ with respect to his life sentence without the possibility of parole for capital murder. Furthermore, counsel was not deficient for failing to raise this frivolous issue on appeal. *See Strickland, supra.*

      E.    **No Evidentiary Hearing is Warranted**

As observed herein, resolution of each of Petitioner's claims can be accomplished by reviewing the record and applicable law and thus, summary dismissal of Petitioner's § 2254 Motion without an evidentiary hearing is recommended. *See McQuigin v. Perkins,* 569 U.S. 383, 395 (2013); *reaffirmed by Shinn v. Ramirez*, 2022 WL 1611786 (May 23, 2022).

### F. No Certificate of Appealability is Warranted.

Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the movant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

For the reasons stated herein, it is recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) filed by Billy Wolfe be **DENIED** and **DISMISSED WITH PREJUDICE** and that his Motions for Appointment of Counsel (ECF Nos. 10 & 13) also be **DENIED**.  It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of May 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE