**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**BILLY WOLFE**                                                                                          **PLAINTIFF**

V.                                              **CASE NO.: 5:21-CV-5190**

**DEXTER PAYNE, Director,
Arkansas Department of Correction**                                                **DEFENDANT**

<u>**ORDER**</u>

On May 25, 2022, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R&R") (Doc. 17) as to Billy Wolfe's Petition for Habeas Relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommends denying the Petition. On June 30, 2022, Mr. Wolfe filed Objections to the R&R (Doc. 20). In light of these Objections, the Court conducted a *de novo* review of the record as required by 28 U.S.C. § 636(b)(1)(C).

Mr. Wolfe pleaded guilty to capital murder and kidnapping in the Circuit Court of Benton County, Arkansas, on July 5, 2003.  He did so in exchange for: (1) the state of Arkansas's agreement to waive the death penalty and dismiss a second count of kidnapping, (2) the federal government's agreement not to prosecute, and (3) the state of Oklahoma's agreement to dismiss a pending rape charge.  He was sentenced to life without parole for capital murder and a concurrent life term for kidnapping.  He sought post-conviction relief in the Circuit Court for Benton County for ineffective assistance of counsel, but that petition was denied.  More than thirteen years later, Mr. Wolfe filed a new petition for habeas corpus relief in the Circuit Court of Jefferson County, Arkansas, and that petition was also denied.  Mr. Wolfe subsequently appealed that denial to the

Arkansas Supreme Court—and that appeal was also denied.  Mr. Wolfe then filed the instant Petition under § 2254 in this Court on October 28, 2021.  Upon careful review of the Petition (Doc. 1), the Government's Response (Doc. 11), and Mr. Wolfe's Replies (Docs. 15 & 16), the Magistrate Judge determined that the Petition was untimely filed.  Further, the Magistrate Judge explained in detail why the Petition lacked merit and would have been dismissed even if it had been timely filed.

In his Objections to the R&R, Mr. Wolfe raises the same jurisdictional arguments he made before the Arkansas Supreme Court and appeals generally to this Court's sense of fairness and justice in asking that the statute of limitations on habeas petitions be tolled in his case to give him one last bite at the proverbial apple.  He argues that because he is a Cherokee Indian, the state of Arkansas lacked jurisdiction to bring criminal charges against him, accept his guilty plea to capital murder and kidnapping, and sentence him to a term of imprisonment without parole.  He conveniently ignores the fact that he committed his crimes in Arkansas, and there are no facts in the record that would indicate that Arkansas lacked jurisdiction to prosecute him.  Further, Mr. Wolfe acknowledges that he waited over a decade to bring his habeas petition in federal court.  To the extent Mr. Wolfe seeks to excuse his delay by pointing to the recent Supreme Court decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the R&R thoroughly explains why *McGirt* provides no basis for tolling the statute of limitations under 28 U.S.C. § 2244(d)(1). Simply put, Mr. Wolfe's Cherokee heritage has no bearing on whether Arkansas had the authority to charge him with the crimes to which he eventually pleaded guilty.  His crimes were not committed on Cherokee lands; they were committed in Benton County,

Arkansas.

The Court therefore **ADOPTS** the R&R (Doc. 17) in its entirety and **OVERRULES** Mr. Wolfe's Objections (Doc. 20).   Mr. Wolfe's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED** for the reasons set forth in the R&R and is **DISMISSED WITH PREJUDICE**.   **IT IS FURTHER ORDERED** that Mr. Wolfe's Motions for Appointment of Counsel (Docs. 10 & 13) are **DENIED** for the reasons stated in the R&R.   The Petition was obviously extremely untimely, and the claims presented were so clearly without merit that there was no justification for appointing counsel.

**IT IS SO ORDERED** on this 15th day of July, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE